UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| WILLIE AARON SMITH<br>FED. REG. #19794-076 | CIVIL ACTION NO. 2:11-CV-336 |
| VERSUS | SECTION P |
| | JUDGE MINALDI |
| J. P. YOUNG | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is the *habeas corpus* petition filed pursuant to 28 U.S.C. §2241 on February 28, 2011, by *pro se* petitioner Willie Aaron Smith. Doc. 1. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is currently confined at the United States Penitentiary, Lewisburg, Pennsylvania; however, at the time of filing this petition, he was incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO).[1] Petitioner names FCIO Warden J.P. Young as his defendant herein.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §2241 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### *Statement of the Case*

On February 8, 2006, petitioner Willie Aaron Smith pled guilty to unlawful possession of cocaine base with the intent distribute, unlawful possession of cocaine with the intent distribute, and possession of a firearm in connection with a drug trafficking crime. He was sentenced on October 23, 2006, in the United States District Court for the Western District of Tennessee, to

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since petitioner was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. 28 U.S.C. § 2241(d).

ten years incarceration on each of the drug charges to run concurrently and to five years incarceration on the firearm charge to run consecutively to the drug charge. See *USA v. Smith*, No. 04-cr-20380 (U.S. Dist., W. D. Tenn.).

On September 12, 2008, pursuant to a motion for reduction of sentence in accordance with 18 U.S.C. §3582(c), the court reduced petitioner's term of imprisonment to a total of 161 months. This was done as the retroactive amendment to the crack cocaine guidelines reduced petitioner's sentence by two base offense levels. The order reducing sentence was entered on December 16, 2006. *Id.* On January 26, 2011, petitioner filed a "motion to correct illegal/unconstitutional/incorrect sentence due to incorrect criminal history points and to reduce sentence due to recent precedented case law in the one to one sentencing on crack convictions." *Id.* In that motion, he requested that the court vacate his sentence. That motion appears to be pending.

Smith filed this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on February 28, 2011, in which he again challenges the underlying conviction and sentence entered by the U.S. District Court, Western District of Tennessee. Petitioner does not state the specific remedy that he seeks.

### *Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241 challenging the sentence imposed by the United States District Court for the Western District of Tennessee. Doc. 1. *Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a motion to vacate sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or

sentences. See *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990). Here, petitioner collaterally attacks his sentence and therefore, his claim should be advanced in a motion to vacate filed pursuant to 28 U.S.C. §2255.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the §2255 "savings clause." *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense; nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous motion to vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause. Therefore, the instant petition

for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir.2003).

## *Conclusion and Recommendation*

Considering the forgoing, IT IS RECOMMENDED THAT the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because the Court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Serv. Auto. Ass'n,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 14th day of November, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE